**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MANUEL MAGANA-SAGRERO,**<br>    **Movant,** | **CRIMINAL NO.**<br>**1:07-CR-279-38-CAP-GGB** |
| v. | **CIVIL ACTION NO.**<br>**1:11-cv-01954-CAP-GGB** |
| **UNITED STATES OF AMERICA,**<br>    **Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Manuel Magana-Sagrero ("Movant") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 1896]. Movant seeks to challenge the constitutionality of his life sentence that was imposed on September 14, 2009, following a jury verdict of guilty on all but one count entered on April 2, 2009. [Docs. 1177, 1436]. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 1896]; (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate [Docs. 1912 and 1914];[1] and (3) Movant's Reply [Doc. 1920].

---

[1] The Government's motion for extension of time to respond to Movant's motion to vacate [Doc. 1912] is hereby **GRANTED** *nunc pro tunc*.

AO 72A
(Rev.8/82)

## I. BACKGROUND

Movant was charged along with numerous other individuals with (1) conspiracy to possess a controlled substance (cocaine) with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 17); (3) possession of a firearm as an illegal alien in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (Count 18); and (4) conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (Count 20). [Doc. 811].

Movant was represented by Adam M. Hames. Movant was convicted on April 2, 2009 after a jury trial of conspiring to possess a controlled substance (cocaine) with the intent to distribute (Count 1), being an illegal alien in possession of a firearm (Count 18), and conspiracy to launder money (Count 20). [Doc. 1177]. The jury acquitted him of possessing a firearm in furtherance of a drug trafficking offense (Count 17).

On September 14, 2009, the Court sentenced Movant to the statutory mandatory minimum sentence of life imprisonment on Count 1; a concurrent 120-month term of incarceration on Count 18; and a 240-month concurrent term of incarceration on Count 20. [Docs. 1424, 1436]. Movant appealed, and on March 26, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentences. United States v. Magana-Sagrero, 371 F. App'x 18 (11th Cir. 2010); [Doc.

2

1774]. Movant timely filed the instant § 2255 motion on May 31 , 2011. [Doc. 1896].

Additional facts are discussed in context below.

## II. **DISCUSSION**

Movant's § 2255 Motion is styled as a Memorandum of Law [Doc. 1896]. In it, Movant alleges that his court appointed attorney, Adam M. Hames, provided ineffective assistance by:

(1) failing to advise him of the consequences of a guilty verdict [Id. at 5];

(2) failing to advise him about a plea offer by the government with an interpreter [Id.];

(3) failing to adequately and properly challenge evidence [Id. at 7-26];

(4) having Movant sign stipulations [Id. at 10];

(5) advising Movant not to testify [Id. at 26-27];

(6) failing to request a mistrial because Movant's feet were shackled while the jury was in the courtroom [Id. at 30-34];

(7) failing to challenge the money laundering and firearms counts at trial or on direct appeal [Id. at 34-37];

(8) failing to have a post-trial hearing with movant [Id. at 37];

(9) being "utterly absent" during the pretrial phase [Id. at 38]; and

(10) failing to challenge the absence of a search warrant [Id. at 39-40].

3

### A. Standard for Evaluating Claims of Ineffective Assistance of Counsel

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Green v. Nelson, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Additionally, to establish prejudice, a petitioner must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

### B. Failing to Advise Movant of the Consequences of a Guilty Verdict and Failing to Communicate the Government's Ultimate Plea Offer

Movant argues in Grounds One and Two that counsel was ineffective in failing to advise him of the consequences of a guilty verdict and failing to advise him about a plea offer by the government with an interpreter. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S. Ct. 1399,

4

1408 (2012). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." Id. at 1409.

The unrefuted evidence shows that Movant's attorney advised him of the consequences of a guilty verdict and communicated the Government's final plea offer. The Government filed an affidavit by Movant's attorney, Adam M. Hames. Attached to Mr. Hames's affidavit are two letters sent by Mr. Hames to Movant before his trial. Each letter is in English and in Spanish. [Doc. 1914-2]. The letters clearly tell Movant that he is facing a life sentence without parole and that he could avoid a life sentence by entering a guilty plea. Movant does not dispute that he received these letters.

Also, Mr. Hames stated on the record just before the trial started that the Government had made a last minute plea offer and that he (Mr. Hames) had communicated that offer to Movant, but that they would be going forward with the trial. [Doc. 1896 at 6]. Mr. Hames states in his affidavit that he communicated the plea offer to Movant through the use of a Spanish-language interpreter, but that Movant rejected

5

the offer. [Doc. 1914-2 at ¶ 7]. The Government's plea offer was to dismiss the § 924(c) charge and one of the prior conviction enhancements under 21 U.S.C. § 851.[2] [Doc. 1914-2, at ¶ 7].

Movant concedes that he was told about a plea agreement. [Doc. 1920 at 18]. In what appears to be a contradiction to this concession, Movant also asserts that Mr. Hames failed to use a Spanish interpreter in informing him of the Government's final plea offer. [Doc. 1896 at 5]. As evidence of failure to use an interpreter, Movant cites to the fact that the interpreters for the trial were not sworn in until after his attorney announced that Movant had rejected the Government's offer. [Id. at 5-6 (citing 1344-3)]. However, the fact that the interpreters to be used at trial were not sworn until after Movant's attorney reviewed the plea with him does not prove that an interpreter was not used in the conversation between Movant and his attorney. Trial interpreters are sworn in only to interpret the trial, not for private discussions between a defendant and his counsel.

Movant's actual complaint appears to be that Mr. Hames did not provide him with a *written* plea offer for him to review. [Doc. 1920 at 17-18]. However, there is no evidence that there was a written version of the plea offer at the stage that it was

---

[2] According to the Pre-sentence Report, Movant had two prior drug felony convictions. This offer, if accepted, would have reduced the mandatory minimum sentence. See Title 21 U.S.C. §§ 841(b)(1)(A)(viii), 851.

6

communicated to Movant and his counsel.  Indeed, there would be no reason for the Government to prepare a written plea agreement when it had received no indication from Movant or his attorney that Movant was interested in pleading guilty.  Also, to the extent that Movant is complaining that he was not advised what his sentence would be under the proposed plea agreement, such complaint is without merit. While the plea agreement may have reduced the mandatory minimum sentence, it still would have been up to the Court to determine the sentence imposed, and neither the Government nor Movant's counsel could guarantee a particular sentence.

Finally, Movant fails to show prejudice.  He does not allege that he would have accepted a plea offer had it been properly discussed with him.  See Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (to prevail on § 2255 claim, defendant must show that, but for counsel's errors, he would have accepted guilty plea and forgone trial).  For these reasons, Movant's allegations of ineffective assistance in connection with the communication of the plea offer are without merit.

### C. **Failure to Challenge Evidence**

Movant complains that his counsel "failed to subject the prosecution's case to meaningful adversarial testing" and that he "agree[d] to stipulate [to] all [of] the evidence against his client." [Doc. 1896 at 7-10].  However Mr. Hames stipulated only

7

to non-controversial facts that the Government could readily prove. [Doc. 1344 at 42-46]. He did not stipulate to the bulk of the Government's evidence.

Movant's main complaint in this category appears to be that Mr. Hames did not object to more of the Government's evidence. However, it was Mr. Hames's trial strategy to concede that the drug and money laundering conspiracies existed, but to deny that Movant participated in those conspiracies. [Doc. 1914-2, Hames Aff, ¶ 5; Doc. 1344 at 39-40]. Given the strong evidence of a drug and money laundering conspiracy, and the weaker evidence of Movant's participation, this strategy was not unreasonable. See Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."). Thus, there was no reason for Mr. Hames to object to much of the evidence. Moreover, Movant has not shown any instance in which Mr. Hames failed to object to inadmissible evidence. Counsel is not ineffective for failing to argue a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Thus, Movant's claim in Ground Three is without merit.

### D. Movant's signing of stipulations

Movant also claims that his attorney had him sign the stipulations without informing him of what he was signing or the consequences of signing them. Mr. Hames states in his affidavit that he explained the stipulations to Movant with a Spanish-

8

language interpreter. [Doc. 1914-2, ¶ 6]. However, no hearing is necessary to resolve this factual issue because Movant fails to show any prejudice. Movant fails to show that any of the stipulated facts were untrue or that the government would have had any trouble proving them. Thus, this claim does not provide a basis for a finding of ineffective assistance of counsel.

### E. **Movant's Failure to Testify**

Movant suggests that it was improper for Attorney Hames to advise Movant not to testify. [Doc. 1896 at 26-27]. However, after the Government rested its case, the Court advised Movant of his right to testify and told him that it was up to him, not his attorney, whether to testify. [Doc. 1346 at 495-6]. Movant told the Court that he chose not to testify, and that his decision not to testify was his alone. [Id.]. Thus, Movant's argument that his attorney gave him bad advice not to testify cannot be a basis for a finding of ineffective assistance of counsel.

### F. **Failure to Request a Mistrial**

After the morning break on the third day of Movant's trial, the jury was brought into the courtroom while Movant was in leg shackles. [Doc. 1346 at 390-91]. Counsel immediately brought it to the Court's attention, and the Court immediately had the jury leave the courtroom. [Id. at 391]. The Court stated that it did not believe that any of the jurors had seen Movant's shackles and questioned whether it was even possible that the

9

jury could have seen the shackles. [Id. at 392]. Prior to the jury returning to the courtroom, the Court had Movant's shackles removed. [Id.]. Attorney Hames did not think it was possible for a juror to see the shackles, and he did not ask for a mistrial. [Id.].

This brief incident is insufficient to show ineffective assistance of counsel. Even in the unlikely event that a juror had seen the leg shackles, "'a brief and fortuitous encounter of the defendant in handcuffs is not prejudicial and requires an affirmative showing of prejudice by the defendant.'" Allen v. Montgomery, 728 F.2d 1409, 1414 (11th Cir. 1984) (quoting Wright v. Texas, 533 F.2d 185, 187 (5th Cir. 1976)); see also United States v. Traeger, 289 F.3d 461, 473 (7th Cir. 2002) ("mere fact that a juror had a brief view of a defendant in custody is not sufficient to establish prejudice warranting a new trial"); cf. Deck v. Missouri, 544 U.S. 622, 635 (2005) (holding prejudice was assumed where court ordered defendant to be visibly shackled during trial without an adequate justification).

Applying these standards, Mr. Hames was not ineffective for failing to ask for a mistrial. Indeed, a request for a mistrial might have resulted in bringing attention to the shackles when none of the jurors had previously noticed them. Thus, Movant's claim in Ground Six is without merit.

10

### G. Alleged Failure to Contest Counts 17, 18 and 20

Movant contends that his attorney's failure to contest Count 17 (possession of a firearm in furtherance of a drug trafficking crime) and Count 18 (possession of a firearm by an illegal alien) constituted ineffective assistance of counsel. He also faults counsel for not arguing, as to Count 20, that the Government failed to show that he laundered "proceeds" as defined by United States v. Santos, 553U.S. 507 (2008). [Doc. 1896 at. 35-36].

However, the record reflects that Mr. Hames did challenge the Government's proof on Counts 17 and 18. Following the Government's case, Mr. Hames argued that the Court should enter a judgment of acquittal on those charges because the Government failed to prove that Movant possessed the guns in furtherance of the drug offense (Count 17), and that the Government's evidence was insufficient to show that the guns traveled in interstate commerce (Count 18). [Doc. 1346 at 489-90]. As to Count 17, the Court noted that the Government's evidence was weak, but still sufficient to send to the jury. [Id. at 494-95]. As to Count 18, the Court also rejected counsel's interstate commerce argument and sent it to the jury. [Id.].

In his closing argument, Mr. Hames again argued against the gun charges. [Doc. 1347 at 536-39]. First, as to Count 17, counsel argued that "there [was] no evidence that either of the two weapons at issue were used in furtherance of a drug

11

conspiracy. They sat at a house." [Id. at 536]. He noted that the guns would not have fit in Movant's car, and certainly not in a manner where they could be ready to use. [Id.]. As to Count 18, counsel argued that the guns were not "in or affecting interstate commerce" and thus failed to meet the elements of the offense. [Id. at 539]. The jury's consideration of counsel's argument regarding the firearms is evidenced by its acquittal of Movant on the § 924(c) charge (Count 17). [Doc. 1177]. Thus, Movant's argument that Attorney Hames failed to challenge the firearms offenses is incorrect.

Movant's contention that Mr. Hames should have argued that Movant did not launder "proceeds" based on the holding of United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020 (2008) is also without merit. The Eleventh Circuit has held that Santos is limited to the facts of an unlicensed gambling operation, and is not applicable where the defendant is convicted of laundering proceeds from drug trafficking. United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009). Counsel cannot be found ineffective for not making an argument that does not have merit.

To the extent that Movant argues that his counsel was ineffective for not challenging the firearms and money laundering counts on appeal, Movant fails to assert what meritorious challenge his attorney could have made with respect to these counts. Thus, that argument is without merit.

12

### H. Alleged Absence of Counsel During Pre-trial Stages and Ineffectiveness for Failing to Have a Post-trial hearing and Present Mitigating Evidence

Movant asserts that his attorney was "utterly absent" during the pre-trial stages, failed to conduct a post-trial hearing, and failed to investigate mitigating evidence. [Doc. 1896 at 37-38]. However, Movant does not state what specific actions (other than those discussed above) his attorney should have taken that would have made a difference in the outcome in his case. Thus, this claim does not support a finding of ineffective assistance of counsel.

### I. Alleged Failure to Challenge the Search of Movant's Residence

Movant alleges that his attorney failed to challenge the search of his home. [Doc. 1896 at 39-40]. This allegation is not true. Mr. Hames filed a motion to suppress the evidence seized from Movant's residence. [Doc. 403]. The court held a hearing on this motion at which Movant and his attorney were present. [Doc. 651]. Mr. Hames later filed a brief in support of the motion to suppress. [Doc. 679]. When the magistrate judge recommended that the motion be denied, Mr. Hames filed objections to that recommendation. [Doc. 771]. Although the district court ultimately denied the motion, counsel's handling of the suppression issue constituted effective assistance.

13

## III. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 1896] be **DENIED.**

The Government's motion to extend time to reply to Movant's motion to vacate [Doc. 1912] is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

14

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 23rd day of April, 2012.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)