IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MANUEL MAGANA-SAGRERO | Criminal Action No.<br><br>No. 1:07-CR-279-SCJ |

**Government's Response to Motion for Sentence Reduction**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Elizabeth M. Hathaway, Assistant United States Attorney for the Northern District of Georgia, files this Response to the Defendant's Motion for Sentence Reduction (Doc. 2459). The Government does not oppose reducing Defendant's sentence from life to 324 months for the reasons stated below.

**I.**

**Background**

On November 12, 2008, a federal grand jury returned a Third Superseding Indictment charging Defendant with: (1) conspiracy to possess a controlled substance (cocaine) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 846 (Count 1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 17); (3) possession of a firearm as an illegal alien in violation of 18 U.S.C. § 922(g)(5) and 924(a)(2) (Count 18); and (4) conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (Count 20).

Doc. 811.  Because Defendant had two prior felony drug convictions – one for possession/purchase for sale of narcotics (for which Defendant was sentenced to 2 years' incarceration) in 1991; and the other for possession/purchase for sale of narcotics (for which Defendant was sentenced to 10 years' incarceration) in 1997 – the Government filed notice of its intent to seek an enhanced sentence pursuant to Title 21, United States Code, Section 851.  Doc. 742.

Defendant pleaded  not guilty to the criminal charges and proceeded to trial. *See* Doc. 1165. On April 2, 2009, the jury found the Defendant guilty of Counts 1, 18, and 20.  *Id.*; Doc. 1177.  The jury acquitted Defendant on the charge of possessing a firearm in furtherance of a drug trafficking crime (Count 17).  Doc. 1177.

Prior to sentencing, the PSR calculated Defendant's Sentencing Guidelines as follows:

| | |
|---|---|
| **Base Offense Level** | 38 |
| **Possession of a Firearm** | +2 |
| **Money Laundering** | +2 |
| **Total Offense Level** | 42 |
| **Criminal History Category** | VI[1] |
| **Sentencing Guideline Range** | 360 months – life |

PSR ¶¶ 58-77.  However, with the two § 851 enhancements, Defendant's mandatory minimum sentence – and thus his Guideline recommendation –

---

[1] Defendant's criminal history points would have placed him in Criminal History Category V.  However, because Defendant was a career offender, his Criminal History Category was VI.

became a lifetime term of imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b).  Accordingly, the Court sentenced Defendant to a lifetime term of imprisonment on the drug count, a concurrent 120-month sentence on the firearm count, and a concurrent 20-year sentence on the money laundering count.  Doc. 1424.

Defendant filed a timely notice of appeal.  Doc. 1483.  On March 26, 2010, the Eleventh Circuit affirmed Defendant's convictions and sentences.  *United States v. Manuel Magana-Sagrero*, Case No. 09-14848 (11th Cir. 2010).  Defendant did not file a petition for certiorari.  Defendant filed a § 2255 motion on May 31, 2011, which this Court denied.  Docs. 1896, 1991, 1995.

On June 22, 2021, Defendant filed a counseled motion for compassionate release based on his health conditions and the COVID 19 pandemic.  Doc. 2396.  The Government opposed the motion and the Court denied it.  Docs. 2397, 2401.

On November 8, 2023, Defendant filed the instant motion to reduce his sentence.  Doc. 2459.  On September 5, 2024, the Court ordered the Government to respond.  Doc. 2489.

## II.

## Discussion

As amended by the First Step Act, Title 18, United States Code, Section 3582(c)(1)(A) provides that a district court may modify a term of imprisonment upon motion of a defendant if it finds:

> (1) an extraordinary and compelling reason as defined by U.S.S.G. § 1B1.13 exists; and
>
> (2) the reduction is supported by the § 3553(a) sentencing factors.[2]

The defendant has the burden of establishing that both conditions exist. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also United States v. Giron*, 15 F.4th 1343, 1345-46 (11th Cir. 2021); *United States v. Bryant*, 996 F.3d 1243, 1252-62 (11th Cir. 2021).

### A. Extraordinary and Compelling Reasons Exist Here to Reduce Defendant's Sentence

Pursuant to § 1B1.13(b)(6), the Court may find an "unusually long sentence" an extraordinary and compelling reason to reduce a sentence if: (1) the defendant served at least 10 years; and (2) there has been a change in the law (other than an amendment to the Guidelines that was not made retroactive). However, a reduction may be warranted only if the change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

---

[2] In addition, the Defendant must exhaust his administrative remedies prior to filing a motion. *See* 18 U.S.C. § 3582(c)(1)(A). Here, the Government has confirmed that Defendant has exhausted his administrative remedies.

Here, Defendant has already served at least 10 years of his sentence as he has been in custody since his arrest on December 6, 2007. *See* PSR ¶ 27. That is, he has been in custody for a little over 16 years, 9 months.[3]

Further, a change in the law would have resulted in Defendant being sentenced to a shorter sentence if he was convicted today. That is, at the time of sentencing, Defendant faced a mandatory life sentence based on his previous conviction of two prior felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A)(2007). Today, under the First Step Act, while both of Defendant's previous convictions would qualify as serious drug felonies,[4] they would result in a mandatory minimum sentence of 25 years. *See* 21 U.S.C.§ 841(b)(1)(A)(2024).

**B. The § 3553 Factors Support a Reduced Sentence of 324 Months**

While Defendant's mandatory minimum sentence would be lower if he were sentenced today, the otherwise applicable Guidelines would not change. That is, Defendant remains a career offender with a total offense level 42 and a criminal history category of VI, resulting a recommended Sentencing Guideline Range of

---

[3] To the extent Defendant asserts that he has served "well over 25-years in prison[,]" *see* Doc. 2459-6, he is mistaken.

[4] Defendant's prior convictions qualify as "serious drug felonies" because they both involved possessing/purchasing drugs for distribution, resulted in sentences of over 12 months, and Defendant was released from prison within 15 years of his commission of the instant offense. *See* 21 U.S.C.§ 802(57); 18 U.S.C. § 924(e) and PSR ¶¶ 69-70.

360 months to life.  *See* PSR p. 36.  Upon reviewing the § 3553 factors, the Court should impose a 324-month sentence.

The nature of Defendant's offense and the circumstances under which he conducted it were extremely dangerous.  At the time of his arrest, Defendant was working with a drug organization that was distributing copious amounts of cocaine –- over 900 kilograms just within Defendant's cell and just during the time that the Government could prove he was involved.[5]  *See* PSR ¶¶ 51-53d.  This amount was over six times the amount of cocaine that would have resulted in a base offense of 38 at the time of his sentencing, and still more than twice as much cocaine as would result in a base offense level 38 today.

Further, within this organization, Defendant worked to receive drugs on behalf of his cell for further distribution, and possessed firearms as a prohibited person.  PSR ¶¶ 51-53d.  Moreover, this offense was Defendant's fourth felony conviction: he had twice previously been convicted of drug trafficking in California State court, and then convicted federally of being an illegal alien found in the United States.  PSR ¶¶ 69-71.  After each conviction, Defendant was deported to Mexico.  *Id.*  Yet, he continued to re-enter the United States illegally,

---

[5] Defendant asserts that the Court erred in finding that he was responsible for 953 kilograms of cocaine because the PSR only held him accountable for 6-20 kilograms of cocaine.  Doc. 2459-11.  Again, Defendant is mistaken.  As the PSR explained, ledgers seized in this case showed that Defendant's cell was responsible for the receipt of 953 kilograms of cocaine between October 1 and November 20, 2007.  PSR ¶¶ 51-53b; 53d.

only to commit more crimes. *Id.* And, even today, Defendant has not accepted responsibility for his offense or expressed remorse for committing it.

Thus, the nature and circumstances of the offense, the history and characteristics of Defendant; the need to reflect the seriousness of the offense, to promote respect for the law, the need to provide just punishment for the offense and the need to protect the public all suggest that a sentence no less than the advisory Guideline range is appropriate. *See* 18 U.S.C. § 3553(a). However, one § 3553(a) factor does suggest that some mitigation is appropriate: the need for the sentence to provide deterrence. 18 U.S.C. § 3553(a)(2)(B). Defendant has had almost no disciplinary actions in the over 16 years that he has been in custody. *See* Exh. A.[6] He has worked while in prison, receiving praise from his employer. *See* Doc. 2396-14-15 and Exhibit 7 thereto. And, Defendant received much needed education, has earned his GED, and has completed other courses in custody. *See* PSR ¶ 97 (Defendant education stopped after 6th grade) and Doc. 2396-15 and Exhibits 11-12. These actions suggest that the need for deterrence is not as necessary in Defendant's case and that a mitigated sentence is appropriate.

Weighing these § 3553(a) factors, the Government believes that a below-Guideline sentence of 324 months is appropriate in this case. Such a sentence would represent the equivalent of a six-level downward variance from the

---

[6] The only blemish on Defendant's record was his possession of cigarettes in 2000, which resulted in a loss of phone privileges for 30 days. *See* Ex. A.

otherwise applicable Guidelines. Such a sentence would account for the serious nature of Defendant's offense and the aggravating circumstances, while also acknowledging his good conduct in prison and the reduced need for deterrence.

### III.

### Conclusion

For the foregoing reasons, the Government recommends that the Court grant Defendant's motion for a reduced sentence and reduce his sentence from a lifetime of imprisonment to a term of incarceration of 324 months on Count One only. The Court should let the sentences on the remaining convictions (which were significantly lower) stand.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/ELIZABETH M. HATHAWAY
*Assistant United States Attorney*
Georgia Bar No. 076212
Elizabeth.Hathaway@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, and by mailing a copy with sufficient postage to:

>Manuel Magana Sagrero
>Reg. No. 57000-198
>FCI-Victorville
>P.O. Box 3725
>Adelanto CA 92301

*October 2, 2024*

                    /s/ ELIZABETH M. HATHAWAY
                    ELIZABETH M. HATHAWAY
                    *Assistant United States Attorney*